**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

The Grand Traverse Band of
Ottawa and Chippewa Indians,
and Its Employee Welfare Plan,

                          Plaintiffs,

v.

Blue Cross and Blue Shield of
Michigan,

                          Defendant.

Case No. 14-cv-11349

Judith E. Levy
United States District Judge

Mag. Judge Mona K. Majzoub

_____/

**ORDER DENYING MOTION FOR RECONSIDERATION [101]
AND DENYING MOTION FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT [102]**

Plaintiffs have twice asserted that defendant Blue Cross and Blue Shield of Michigan violated the Employee Retirement Income Security Act ("ERISA") by breaching their fiduciary duty with respect to the payment of certain claims at Medicare-Like Rates ("MLR"). Twice, the Court has dismissed the claim.

The Court first dismissed plaintiffs' ERISA claim regarding MLR because it was a restatement of their state-law breach of contract claim

regarding a non-ERISA contract, seeking the same damages as the state-law claims. (Dkt. 73 at 11-12.) Plaintiffs then filed a motion for reconsideration of that order, arguing that they were asserting a variety of ERISA claims outside of the non-ERISA contract. (Dkt. 74.) The Court denied the motion for reconsideration on substantive grounds, but granted it in part by granting plaintiffs leave to file a motion to amend the complaint. (Dkt. 76.) On January 23, 2017, the Court granted the motion to amend the complaint, and on January 24, 2017, plaintiffs filed their amended complaint. (Dkt. 90.)

On February 23, 2017, defendant Blue Cross and Blue Shield of Michigan ("BCBSM") filed a motion to dismiss the first amended complaint, arguing in relevant part that the restated ERISA claim related to MLR payment rates was barred by the three-year statute of limitations applicable to ERISA claims. (Dkt. 94.) The Court held oral argument on the motion on June 7, 2017, and on July 21, 2017, issued an opinion and order granting the motion to dismiss and dismissing the repleaded ERISA claim for the second time, now as barred under the applicable statute of limitations. (Dkt. 99.)

On August 4, 2017, plaintiffs filed a motion for reconsideration and a motion for leave to file a second amended complaint. (Dkts. 101, 102.) Both motions are now fully briefed. The Court determines that oral argument is not necessary pursuant to E.D. Mich. Local R. 7.1(f)(2), and apologizes to the parties for the delay in adjudicating these motions.

I.  **Legal Standards**

To prevail on a motion for reconsideration under Local Rule 7.1, a movant must "not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A palpable defect is a defect that is obvious, clear, unmistakable, manifest or plain." *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997). The "palpable defect" standard is consistent with the standard for amending or altering a judgment under Fed. R. Civ. P. 59(e). *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006). Motions for reconsideration should not be granted if they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). But "parties cannot use a motion for reconsideration to

3

raise new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music, Inc. v. Sony/ATV Publ'g,* 477 F.3d 383, 395 (6th Cir. 2007).

A party seeking to amend a complaint for a second or successive time may do so "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave should be denied where the amendment demonstrates defects "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## II. Analysis

The factual background of this case has been repeated multiple times in multiple orders, and the Court adopts the most recently stated background for the purposes of this opinion. (Dkt. 99 at 2-6.)

### A. Motion for Reconsideration

The motion for reconsideration argues that the Court improperly framed plaintiffs' ERISA claim, and improperly found that BCBSM did not commit fraud or concealment in relation to the ERISA claim.

In its opinion and order granting BCBSM's motion to dismiss, the Court held that the complaint "[did] not assert a fiduciary duty to obtain MLR, but instead a fiduciary duty to, among other things, preserve plan assets and make decisions with the care of a prudent person, which, as set forth above, are established fiduciary duties." (Dkt. 99 at 9.) The Court then determined that the ERISA fiduciary duty claim was time-barred because the basis of the fiduciary duty asserted was actually to achieve MLR, and plaintiffs were aware that BCBSM was not obtaining MLR for Group #01020 no later than March 2009. (*Id*. at 18-21.) Plaintiffs argue that the first description of their claims is accurate, and the second is inaccurate.

Fiduciary duties under ERISA include three components: "(1) the duty of loyalty, which requires 'all decisions regarding an ERISA plan ... be made with an eye single to the interests of the participants and beneficiaries'; (2) the 'prudent person fiduciary obligation,' which requires a plan fiduciary to act with the 'care, skill, prudence, and

5

diligence of a prudent person acting under similar circumstances,' and (3) the exclusive benefit rule, which requires a fiduciary to 'act for the exclusive purpose of providing benefits to plan participants.'" *Pipefitters Local 636 Ins. Fund v. Blue Cross & Blue Shield of Mich.*, 722 F.3d 861, 867 (6th Cir. 2013) (quoting *James v. Pirelli Armstrong Tire Corp.*, 305 F.3d 439, 448-49 (6th Cir. 2012)).

These duties exist for all ERISA fiduciaries, regardless of the specific actions compliance with those duties would have required. The Court held that plaintiffs stated a claim for breach of fiduciary duty because they alleged that the failure to obtain MLR led to a breach of those duties owed them under an ERISA plan. To put it another way: BCBSM owed plaintiffs a set of established fiduciary duties. Compliance with those duties, plaintiffs alleged, would have resulted in BCBSM obtaining MLR for MLR-eligible claims. Plaintiffs were aware that BCBSM was not obtaining MLR in March 2009, and did not file suit until 2014, well after the three-year statute of limitations that applied to their ERISA claim ran.

At the heart of plaintiffs' case is this fact: in March 2009, plaintiffs entered into an agreement, outside of their ERISA plan, which explicitly

6

stated that they would not receive MLR, but, at most, a rate "close to" MLR. An ERISA plaintiff has actual knowledge of a breach of fiduciary duty when it has "knowledge of the facts or transaction that constituted the alleged violation." *Wright v. Heyne*, 349 F.3d 321, 330 (6th Cir. 2003). This requires only "knowledge of all the relevant facts, not that the facts establish a cognizable legal claim under ERISA." *Id*. at 328. Actual knowledge does not require a plaintiff to know that those facts "supported a claim for breach of fiduciary duty or violation under ERISA." *Id*.

Plaintiffs' motion for reconsideration lists a variety of facts they did not know until 2012. However, they state that "BCBSM not pricing claims at MLR does not, in and of itself, necessarily prove that BCBSM was being imprudent in its administration of claims under the Plan." (Dkt. 101 at 12.) The facts plaintiffs then reference go entirely to whether they were aware that they knew they had a claim for breach of fiduciary duty, not whether they were aware of the March 2009 agreement that BCBSM would not provide MLR (which they admittedly were).

It is for this reason that plaintiffs also failed to plead fraud or concealment of their claim. To invoke the fraud or concealment exception to the ERISA statute of limitations permitting a six-year statute of

7

limitations, plaintiffs must show "(1) that defendants engaged in a course of conduct designed to conceal evidence of their alleged wrong-doing and that (2) [the plaintiffs] were not on actual or constructive notice of that evidence, (3) despite their exercise of diligence." *Brown v. Owens Corning Inv. Review Comm.*, 622 F.3d 564, 573 (6th Cir. 2010) (citing *Larson v. Northrop Corp.*, 21 F.3d 1164, 1172 (D.C. Cir. 1994)) (further citations omitted).

Plaintiffs allege that BCBSM misled them by stating that BCBSM could not adjust its system to provide MLR, which induced plaintiffs to enter into a separate contract providing prices "close to" (but still not) MLR. The issue is that the alleged wrongdoing, as the Court understands this claim, is *the failure to provide MLR*. Plaintiffs knew they were not getting MLR in March 2009. They knew what they were getting was, by definition, not MLR, and was going to be higher than MLR.

Plaintiffs argue, for instance, that the earliest time they had knowledge that BCBSM was squandering plan assets was at the end of 2012, when a third-party administrator performed an audit and determined that plaintiffs were overpaying for their claims under the plan. (Dkt. 101 at 17.) This, however, goes to the heart of why their claim

8

could not survive a motion to dismiss. Plaintiffs do not allege that they did not know of the facts or transaction that constituted the violation – their 2009 agreement to pay an amount above, but "close to," MLR – they allege that they did not know those facts *supported their claim for a breach of fiduciary duty*.

Plaintiffs finally argue that the non-ERISA contractual promise by BCBSM to pay "close to" MLR induced them not to sue under ERISA, and constitutes fraud or concealment sufficient to invoke a six-year statute of limitations. Plaintiffs did not and do not demonstrate how this separate contract, which still states that plaintiffs would not receive MLR, constitutes fraud or concealment of a breach of a fiduciary duty that consisted of obtaining MLR. Instead, plaintiffs argue that they would have sued at some earlier point, based on the FCPA's promise, had they known that they were not paying "close to" MLR.

As previously set forth, plaintiffs must show that they were diligent in discovering the evidence relating to their ERISA claim. Plaintiffs do not argue in their motion for reconsideration that it was diligent to wait over three and a half years to audit their agreement with BCBSM, or that the information they gained from that audit did anything more than

9

reveal the extent of the breach of BCBSM's fiduciary duty, rather than the existence of that breach.

Accordingly, the Court committed no palpable error in dismissing the claim as time-barred, and the motion for reconsideration is denied.

### B. Motion to Amend the Complaint

Plaintiffs seek to file a second amended complaint providing further allegations in support of their ERISA breach of fiduciary duty claim. (Dkt. 102.)

Plaintiffs appear to argue that it was somehow improper for the Court to determine at the motion to dismiss stage whether their claims were barred by the statute of limitations. (Dkt. 102 at 6 n.2.) However, "[t]he defense of the statute of limitations is covered by [Rule 12(b)](6), and therefore is properly raised by motion." *Berry v. Chrysler Corp.*, 150 F.2d 1002, 1003 (6th Cir. 1945). Statutes of limitations arguments have been analyzed in other "Hidden Fees" cases, as well. *See Dykema Excavators, Inc. v. Blue Cross & Blue Shield of Mich.*, 77 F. Supp. 3d 646, 652 (E.D. Mich. 2015) (analyzing defendant's motion to dismiss ERISA claims based on statute of limitations arguments). "If the allegations [in a complaint], for example, show that relief is barred by the applicable

statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

There is nothing inherent to a statute of limitations defense that precludes a grant of a motion to dismiss. When a plaintiff alleges facts demonstrating either that the statute of limitations has run, or that they could not plausibly show the statute of limitations has not run, a motion to dismiss on such grounds is warranted. *See, e.g., Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 520 (6th Cir. 2008) (holding that an ERISA breach of fiduciary duty claim was properly dismissed under Rule 12(b)(6) where the complaint on its face shows plaintiffs acquired actual knowledge of the facts or transaction that constituted the alleged violation more than three years prior to the filing of the complaint); *Am. Premier Underwriters, Inc. v. Nat'l R.R. Passenger Corp.*, 839 F.3d 458, 464 (6th Cir. 2016) (holding that where there is no dispute regarding the relevant facts applicable to the accrual date of a claim, dismissal on statute of limitations grounds is appropriate).

BCBSM argues that the proposed amendment to the complaint is futile. An amendment is futile when it would not survive a motion to dismiss. *Brown*, 622 F.3d at 574. When deciding a motion to dismiss

11

under Fed. R. Civ. P. 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.,* 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In their second amended complaint, plaintiffs state that "BCBSM systematically failed to take advantage of MLR discounts available to plaintiffs" and instead "used Plan funds to pay the contractual rate negotiated with hospitals by BCBSM." (Dkt. 102-2 at 5.) In setting forth its particular allegations regarding breach of fiduciary duty, the amended complaint alleges the following: (1) that BCBSM failed to use due care and prudence by not pricing claims at MLR, and instead represented that it was "working on developing a system to price claims at MLR" (*id*. at 5-7); (2) that BCBSM failed to make decisions with the best interests of plaintiffs in mind because it "never implemented a

process to price Plaintiffs' hospital claims at MLR" (*id.* at 8); (3) that BCBSM failed to act with due care to preserve plan assets because it did not "work diligently to develop a process to take advantage of MLR pricing" (*id.* at 9); and (4) that BCBSM materially misled plaintiffs by failing to inform them that the discount provided under the non-ERISA contract was not "close to" MLR. (*Id.* at 10-12.)

Plaintiffs knew from March 2009 on that BCBSM did not have a plan in place to provide MLR discounts, and signed a contract separate from their ERISA plan agreeing that BCBSM would not provide MLR, but would instead provide a discount "close to" MLR. The March 2009 contract, in which BCBSM disclosed that it would not provide MLR, bars plaintiffs' ERISA breach of fiduciary duty claim, because the breach must be manifested at the point where "BCBSM systematically failed to take advantage of MLR discounts available to plaintiffs" – which that contract was. Plaintiffs even allege as much in their complaint, when they state that "by falsely representing that the [contractual] Discount was 'close to' the Medicare-Like Rate discount available to Plaintiffs, BCBSM conceded the facts surrounding its breaches of fiduciary duty." (*Id.* at 13.)

13

To the extent plaintiffs allege fraud or concealment sufficient to extend the ERISA statute of limitations, they provide a series of inconsistent statements about events beginning in March 2011. (*Id.* at 22-23.) Some statements indicated that BCBSM was providing rates better than MLR, but other statements (many of them contemporaneous) indicated that BCBSM was not providing MLR-equivalent rates and was working on a method to provide them. Rather than conceal evidence of BCBSM's wrongdoing, many of these statements are admissions, coupled with vague promises that BCBSM would attempt to do better at some point in the future. Further, these statements again put plaintiffs on notice that they were not receiving MLR, and plaintiffs plead no facts showing that they diligently pursued MLR or diligently investigated whether they were receiving what they were sometimes promised (and sometimes not promised).

This case differs from *Little River Band of Ottawa Indians and its Emp. Welfare Plan v. Blue Cross Blue Shield of Mich.*, 183 F. Supp. 3d 835 (E.D. Mich. 2016), in which Judge David Lawson found that an ERISA claim based on failure to obtain MLR could go forward, for two reasons. First, that case did not feature an independent contract, outside

of the ERISA-governed plan, that disclosed BCBSM's alleged inability to obtain MLR. Second, that case did not feature a statute of limitations defense. Here, the Court is not holding that plaintiffs could not assert a timely ERISA claim for failure to provide MLR. Instead, the Court holds that plaintiffs' claim in this case is time-barred.

The amended complaint would be futile, because the amended ERISA breach of fiduciary claim could not withstand a motion to dismiss. From the face of the complaint, plaintiffs' claim is time-barred under the applicable three-year statute of limitations, and they plead no set of facts that could plausibly lead to the conclusion that the six-year statute of limitations under ERISA for fraud or concealment applies.

### III. Conclusion

For the reasons set forth above, it is hereby ordered that plaintiffs' motions for reconsideration (Dkt. 101) and motion for leave to file a second amended complaint (Dkt. 102) are DENIED. Plaintiffs' breach of contract claim (Count III) remains.

IT IS SO ORDERED.

Dated: December 26, 2017  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
  United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 26, 2017.

s/Shawna Burns
SHAWNA BURNS
Case Manager
