# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

The Grand Traverse Band of Ottawa
and Chippewa Indians, and its
Employee Welfare Plan,

                Plaintiffs,

v.

Blue Cross Blue Shield of Michigan,

                Defendant/Third-
                Party Plaintiff,

v.

Munson Medical Center,

                Third-Party
                Defendant.

Case No. 14-cv-11349

Judith E. Levy
United States District Judge

Mag. Judge Mona K.
Majzoub

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [123] AND AMENDING THE SCHEDULING ORDER

On May 20, 2019, the Court granted in part and denied in part defendant Blue Cross Blue Shield of Michigan's (BCBSM) motion to dismiss plaintiffs', the Grand Traverse Band of Ottawa and Chippewa Indians ("the Tribe") and its Employee Welfare Plan ("the Plan"), state

1

law claims regarding defendant's administration of the Plan as to the nonemployee group. First, the Court denied defendant's motion to dismiss plaintiffs' claim under Michigan's Health Care False Claims Act (HCFCA), Mich. Comp. Laws § 752.1001–11. (ECF No. 122, PageID.3262.) Then, the Court granted defendant's motion to dismiss the common law breach of fiduciary duty claim. (*Id.* at PageID.2274.) Defendant filed a motion for reconsideration on the HCFCA claim, or in the alternative, for certification to the Michigan Supreme Court, or as another alternative, for certification to the United States Court of Appeals for the Sixth Circuit. (ECF No. 123.) The motions for certification were denied, the Court ordered plaintiffs to respond to the motion for reconsideration (ECF No. 126), and plaintiffs responded (ECF No. 127). The motion for reconsideration is now before the Court, and an amended scheduling order is required.

I. **Motion for Reconsideration**

To prevail on a motion for reconsideration under Local Rule 7.1, a movant must "not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a

different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A palpable defect is a defect that is obvious, clear, unmistakable, manifest or plain." *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997). The "palpable defect" standard is consistent with the standard for amending or altering a judgment under Federal Rule of Civil Procedure 59(e), that there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006). Motions for reconsideration should not be granted if they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication," E.D. Mich. LR 7.1(h)(3), or if the "parties use . . . a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued," *Roger Miller Music, Inc. v. Sony/ATV Publ'g,* 477 F.3d 383, 395 (6th Cir. 2007).

At the motion to dismiss stage regarding the HCFCA claim as to the Tribe's nonemployee group under the Plan, the issue was whether plaintiffs had statutory standing as a "health care insurer" under M.C.L. § 752.1002(f). The meaning of the phrase "providing health care benefits to employees" was the key question. The statute defines a "health care

insurer" as "any legal entity which is self-insured and *providing health care benefits to its employees.*" § 752.1002(f) (emphasis added). In its opinion and order denying BCBSM's motion to dismiss the claim, the Court interpreted the "providing" phrase as a "threshold requirement" to be a health care insurer. (ECF No. 122, PageID.3258–59.) In other words, so long as the self-insured entity was providing health care benefits to employees, it had crossed the threshold to become a health care insurer under the HCFCA as to any type of group or plan, including nonemployees, and had the statutory standing to bring a cause of action under the HCFCA. (*Id.*) To reach this conclusion, the Court employed a typical plain-text analysis and demonstrated how defendant's interpretation, that a health care insurer is only a health care insurer while offering health care benefits to employees, rewrote the provision by defying common grammatical rules. (*Id.*) Out of an abundance of caution, the Court continued on, explaining that even if the text were not plain, the canons of construction that courts use to analyze ambiguous text also supported the Court's interpretation. (*Id.* at PageID.3259–63.)

Now, defendant argues that the Court's statutory interpretation of "health care insurer" is a palpable defect which, if corrected, would

4

change the outcome of this case. Defendant raises four arguments in support of this proposition: The Court's interpretation of "health care insurer" (1) does not consider the entire legislative scheme, (2) misunderstands defendant's position, (3) raises practical problems, and (4) incorrectly depends on an assumption the Tribe is in a unique position in rendering health care to groups of employees and nonemployees employees. (ECF No. 123, PageID.3287–92.) These are arguments that BCBSM could have raised in its motion to dismiss, and they are unpersuasive.

First, defendant argues that the Court's interpretation of "providing health care benefits to employees" "is contextually irreconcilable" to the rest of the HCFCA (*Id.* at PageID.3288), but this argument lacks merit. BCBSM asserts that the HCFCA is steeped in the "employee" context because every time "health care insurer" appears, its definition—which contains the word "employee"—appears. But this argument is only helpful to BCBSM if the reader first agrees with BCBSM's interpretation of "health care insurer," which is that a self-insured entity is only a health care insurer while it is "providing health care benefits to employees." Whatever the interpretation of "health care

5

insurer," it will be plugged into the statute each time "health care insurer" appears.

Moreover, BCBSM's definition ignores the text and context of the HCFCA. As the Tribe points out in its response, the statutory definition of health care insurer focuses on the "legal entity," not the type of plan or the group of insureds as defendants argue. What defendant suggests the Court should do is to adopt its definition of health care insurer and then override the plain text of the statute. Here, the plain text directs courts to consider whether a legal entity is, first, self-insured and second, providing health care benefits to employees. At the time BCBSM allegedly presented claims with false statements to the Tribe, the Tribe was self-insured and providing health care benefits to employees in Group #01019 and #48571. (ECF No. 90, PageID.2539.) The focus on "entity" means that once the entity is a health care insurer, it may avail itself of the HCFCA. This certainly fits within the context of preventing health care fraud, which the HCFCA sets forth in its title and preamble, Mich. Comp. Laws. Ch. 752, Refs & Annos, *amended by* P.A. 1996, No. 226 § 1 (June 5, 1996), as well as in each cause of action, § 751.1003–09.

If the legislature meant to premise relief under the HCFCA upon types of plans or groups of insureds, it would have done so. If the legislature meant to restrict the definition of health care insurer to self-insured while they are serving employee groups, it would have done so. But it did not, and so the defendant's "strained" interpretation is unpersuasive. *See Speicher v. Columbia Twp. Bd. Of Trs.*, 497 Mich. 125, 138 (2014) ("[A] strained reading of an excerpt of one sentence must yield to context."). Accordingly, the Court's interpretation adheres to the plain text and is in harmony with the entirety of the statute.

Second, BCBSM suggests that the Court misunderstood its position. The defendant seizes upon the Court's characterization of its interpretation of the "providing" clause as a "threshold" requirement and defendant's as a "durational" requirement to argue that the Court misunderstood its position. (ECF No. 123, PageID.3290.) In an effort to clarify, the Court described its interpretation of the "providing" clause as a "threshold requirement," meaning that once an entity is a health care insurer, it is a health insurer with respect to any group it provides health care benefits to. Then, the Court characterized defendant's as a "durational requirement," or that a health insurer is only a health

7

insurer *while* providing benefits to employee groups and plans. Semantics aside, it is undisputed that BCBSM's position is that the Tribe is only a health care insurer as to its employee group. Regardless of the conceptual aids and labels the Court used to set forth its analysis, its holding is the same. Defendant's reading re-writes the plain text because the provision is devoid of any reference to plans or groups of insureds and it does not say "as" or "while" self-insured entities provide health care benefits to employees.

Third, defendant argues that there is a "practical problem" with the Court's interpretation. (*Id.* at PageID.3290.) In its earlier opinion, the Court stated: "Once a self-insured entity offers health care benefits to employees continuously, it is a health care insurer." (ECF No. 122, PageID.3259.) Defendant argues that the inclusion of the word "continuously" not only rewrites the statute, it creates practical problems because "a would-be 'health care insurer' will lose its statutory standing as soon as it is—temporally speaking—no longer *continuously* "self-insured" or "providing health care benefits to its employees," which are "frequent situations." (ECF No. 123, PageID.3291.) Defendant then provides authorities that note how frequently entities restructure their

8

plans from fully insured, meaning that entities rely totally on companies like BCBSM to provide insurance, to self-insured. (*Id.*)

Defendant's argument that the Court's interpretation brings entities within the HCFCA one minute and removes them the next is unconvincing. If "continuously" is at odds with the Court's "threshold requirement" interpretation of the "providing" clause, then the Court strikes it now. But in any event, the plain text analysis would apply regardless of the Court's superfluous usage of the word "continuously," leading to the same disposition of the HCFCA claim.

This argument also ignores the text of the cause of action in this case. As the Tribe argues, the HCFCA resolves the issue of whether a would-be plaintiff must be a health care insurer at the time it files a cause of action. A "claim" under the HCFCA is "any attempt to cause a health care corporation or health care insurer to make the payment of a health care benefit." § 751.1002(a). And the cause of action provision provides, "a person who knowingly presents or causes to be prevented a claim which contains a false statement, shall be liable to the . . . health care insurer for the full amount of the benefit or payment made." § 752.1009. Here, the status of the insurer is rooted in time to when the false claim

9

was made. There is no indication that the Court's "threshold requirement" interpretation is at odds with the rest of the text of the HCFCA.[1]

Finally, BCBSM argues that the Court's legislative purpose argument is premised upon an inaccurate assumption that entities like the Tribe do not frequently find themselves insuring employees and nonemployees simultaneously; in fact, entities like the Tribe may typically insure retirees and independent contractors, too. (ECF No. 123, PageID.3291–92.) The Court is appreciative of this background, but this does not amount to a palpable defect. The crux of the Court's legislative purpose analysis does not depend on the statement that Tribes are in a unique position. Rather, the point is that the purpose of the HCFCA is to prevent health care fraud, and BCBSM fails to explain why this objective is less salient for entities that provide benefits to nonemployees.

---

[1] BCBSM stretches the effect of the Court's interpretation of "health care insurer," which provides statutory standing under the HCFCA, as imposing a similar requirement as Article III standing. Article III standing requires that plaintiffs have a "live case or controversy" at the time the complaint is filed. *Sullivan v. Benningfield*, 920 F.3d 401, 407 (6th Cir. 2019) (quoting *Burke v. Barnes*, 479 U.S. 361, 363 (1987)). And as defendant emphasizes the word "continuously" from the previous opinion and order, the Court's "threshold requirement" interpretation of "health care insurer" imposes a similar "live" requirement under the HCFCA. Given the text of the cause of action here under the HCFCA, this argument fails. The status of an entity as a health care insurer is tied to the time the claim is presented, and so the defendant's focus on "continuously" is unwarranted.

Moreover, this part of the Court's opinion is dicta, and so even if it were a palpable defect, correcting it would not result in a different disposition of the HCFCA claim.

For these reasons, BCBSM does not identify a palpable defect in the Court's opinion denying its motion to dismiss the Tribe's HCFCA claim as to its nonemployee group or how it would change the outcome of that opinion. For this reason, the motion for reconsideration is denied.

## II. Amended Scheduling Order

The last scheduling order in this case was entered nearly a year ago (ECF No. 114), and the remaining dates were stayed in December 2018 (ECF No. 117). Therefore, a new scheduling order is required. The following are dates in accordance with the agreement of the parties at the status conference held on July 22, 2019:

| EVENT | DEADLINE |
| --- | --- |
| Expert Disclosure and Report (Plaintiffs) | **February 3, 2020** |
| Expert Disclosure and Report (Defendant) | **March 2, 2020** |
| Fact Discovery completed by: | **April 6, 2020** |
| Dispositive Motions filed by: | **May 4, 2020** |
| Motions in Limine due by: | **August 17, 2020** |
| Final Pretrial Order due by: | **September 14, 2020** |
| Final Pretrial Conference: | **September 21, 2020 at 10:00 a.m.** |

| Jury Instructions due by: | **September 28, 2020** |
|---|---|
| Trial Date: | **October 5, 2020 at 8:30 a.m.** |
| **JURY TRIAL** ||

## III. Conclusion

The motion for reconsideration (ECF No. 123) is **DENIED**. This order shall also serve as an amended scheduling order.

IT IS SO ORDERED.

Dated: July 30, 2019　　　　　s/Judith E. Levy
　　Ann Arbor, Michigan　　　JUDITH E. LEVY
　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 30, 2019.

　　　　　　　　　　　　　　s/Shawna Burns
　　　　　　　　　　　　　　SHAWNA BURNS
　　　　　　　　　　　　　　Case Manager